IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No. 22-cr-00113-GPG

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1.    DEBRA CAMPBELL,

    Defendant.

## INFORMATION

The UNITED STATES ATTORNEY charges that:

### COUNT ONE
### 18 U.S.C. § 1343

**The Scheme**

1.    Beginning in at least March 2015, and continuing through the end of April 2018, in the State and District of Colorado, defendant DEBRA CAMPBELL ("CAMPBELL") knowingly devised and intended to devise a scheme to defraud and to obtain money from Homeowners Associations ("HOA") that were clients of her HOA management company A Better Alternative Management (hereinafter "ABAM") by means of materially false and fraudulent pretenses, representations, and promises (hereinafter referred to as "the Scheme"). It was part of the Scheme that:

1

a. From at least early 2015 through the end of April 2018, through ABAM, defendant CAMPBELL managed the finances of approximately 59-70 HOAs;

b. As a result of these management relationships, defendant CAMPBELL had access to, and signatory authority for, the HOAs' bank accounts;

c. As a result of these management relationships, defendant CAMPBELL became aware of which HOA boards did not monitor their HOA's bank account and finances;

d. From at least March 2015, through April 2018, defendant CAMPBELL used her access to, and signatory authority for, the HOAs' bank accounts to make unauthorized transfers from the bank accounts of many of ABAM's client HOAs to ABAM's bank accounts;

e. From at least March 2015, through April 2018, defendant CAMPBELL used her knowledge of the HOAs to select for her embezzlement scheme those HOAs whose boards did not monitor their HOA's bank accounts or finances;

f. In order to conceal and perpetuate her embezzlement scheme, defendant CAMPBELL regularly altered the HOAs' bank statements so they did not reflect the unauthorized transfers and falsely reflected a higher balance than actually existed in the account;

g. Defendant CAMPBELL provided these altered and false bank statements to the HOAs to support the false account reconciliations that she created and provided to the HOAs as part of her services;

    h. Defendant CAMPBELL provided these false records to the HOAs with the intent to deceive them regarding the number of payments that had been made from their accounts and what their account balances were;

    i. In this manner, between March 2015 and April 2018, defendant CAMPBELL embezzled $252,069 from ABAM's client HOAs.

**Execution of the Scheme**

2. For the purpose of executing the Scheme described above, on or about August 3, 2017, defendant CAMPBELL caused to be transmitted by means of wire communication in interstate commerce the writings, signs, signals, pictures and sounds of a $5,000 wire transfer from Wells Fargo account #xxxxx5166, which was held by one of ABAM's HOA clients, to ABAM's Home Loan StateBank account #xxxxx5804, which was held in Colorado.

All in violation of 18 U.S.C. § 1343.

### COUNT TWO
### 26 U.S.C. § 7206(1)

3. On or about September 19, 2018, in the State and District of Colorado, defendant DEBRA CAMPBELL, then a resident of Grand Junction, Colorado, did willfully make and subscribe to a United States Individual Income Tax Return, Form 1040, for the tax year 2016 which was verified by a written declaration that it was made under the penalties of perjury and which she did not believe to be true and correct as to every material matter. That United States Individual Income Tax Return, Form 1040, which was prepared and signed in the State and District of Colorado and was filed with the Internal Revenue Service, falsely stated on line 43 that defendant CAMPBELL and

her spouse had taxable income in the amount of $12,757 for tax year 2016, whereas, as she then and there knew, defendant CAMPBELL and her spouse actually had taxable income in the amount of $112,738 for the tax year 2016.

All in violation of Title 26, United States Code, Section 7206(1).

## FORFEITURE ALLEGATION

4. The allegations contained in Count One of this Information are hereby re-alleged and incorporated by reference for the purpose of alleging forfeiture pursuant to the provisions of 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c).

5. Upon conviction of the violations alleged in Count One of this Information involving the commission of a violation of Title 18, United States Code, sections 1343, defendant DEBRA CAMPBELL shall forfeit to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461(c) any and all of the defendant's right, title and interest in all property constituting and derived from any proceeds the defendants obtained directly and indirectly as a result of such offense, including, but not limited to:

    a. A money judgment in the amount of proceeds obtained by the scheme and by the defendant.

6. If any of the property described above, as a result of any act or omission of the defendant:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third party;

    c. has been placed beyond the jurisdiction of the Court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c), to seek forfeiture of any other property of said defendants up to the value of the forfeitable property.

COLE FINEGAN
UNITED STATES ATTORNEY

s/
By: Pegeen D. Rhyne
Assistant United States Attorney
1801 California Street, Suite 1600
Denver, CO 80202
Phone: (303) 454-0100
Fax: (303) 454-0402
pegeen.rhyne@usdoj.gov