IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No.   22-cr-00113-CMA-GPG

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1.    DEBRA CAMPBELL,

    Defendant.

---

**GOVERNMENT'S OBJECTIONS TO THE
PRESENTENCE REPORT [DOC. #18]**

---

The United States of America hereby files the Government's Objections to the Presentence Report [Doc. # 18].

Paragraph 35 of the Presentence Report (PSR) states: "Counts 1 and 2 are grouped together for guideline calculation purposes because the offense level is determined largely on the basis of the total amount of harm or loss…".   [Doc. #18 at ¶ 35].   The government objects to this statement because it is an incorrect interpretation of the grouping rules set forth in the sentencing guidelines.   [*See* U.S.S.G. § 3D1.2].

Section 3D1.2 of the United States Sentencing Guidelines states: "All counts involving substantially the same harm shall be grouped together into a single group."

1

[U.S.S.G. § 3D1.2]. Counts 1 and 2 do not group together because they do not involve the same harm. The harm resulting from defendant's wire fraud was the loss to the HOA victims from whom she embezzled money. [Doc. # 10 at pp. 8-10]. The harm resulting from the defendant's subscribing to a false tax return was the under reporting of, and failure to pay, the income taxes that she owed. [*Id.* at pp. 11-14]. These are completely separate harms. Additionally, these two offenses do not involve the same victim, the same transaction, or a common scheme or plan. [See U.S.S.G. § 3D1.2 (a)-(c)].

While the offense level of each of these offenses is driven by the resulting loss, those loss amounts are not accounted for in the same manner by their respective guideline sections. The loss for wire fraud is accounted for in the loss chart found under Section 2B1.1(b) while tax losses are accounted for in the tax chart found under Section 2T4.1. The same dollar amount receives different enhancement levels under each chart. [*See* U.S.S.G. § § 2B1.1 (b) and 2T4.1]. Combining these losses, as was done in Paragraph 37 of the PSR, erodes the different treatment that these loss amounts are intended to have under the guidelines.

Because Counts 1 and 2 should not be grouped, the government also objects to the Adjusted Offense Level of 23 and the Total Offense Level of 20 that are set forth in Paragraphs 42 and 46 of the PSR. [Doc. # 18 at ¶¶ 42 and 46]. Instead, as set forth in the plea agreement, the Adjusted Offense Level should be 24, and the Total Offense Level should be 21. [Doc. # 10 at pg. 15].

Respectfully submitted,

COLE FINEGAN
United States Attorney

By:  s/ *Pegeen D. Rhyne*
PEGEEN D. RHYNE
Assistant U.S. Attorney
United States Attorney's Office
1801 California St., Suite 1600
Denver, CO 80202
(303) 454-0100
Fax: (303) 454-0409
Pegeen.Rhyne@usdoj.gov

## CERTIFICATE OF SERVICE

  I hereby certify that on this 4th day of October, 2022, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record in this case.

                s/ *Amy McDaniel*
                Amy McDaniel
                Legal Assistant
                U.S. Attorney's Office