IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No.   22-cr-00113-CMA-GPG

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1.   DEBRA CAMPBELL,

    Defendant.

**GOVERNMENT'S OPPOSITION TO DEFENDANT'S MOTION FOR NON-GUIDELINE SENTENCE [DOC. # 22]**

    The United States of America hereby files the Government's Opposition to Defendant's Motion for Non-Guideline Sentence [Doc. # 22].

    In her motion, the defendant requests a sentence of three years of probation that includes six months of home confinement. [Doc. # 22 at 1]. In support of this request, the defendant cites her prompt desire to take responsibility after she was confronted by law enforcement about her crimes, her desire to financially support her adult children, and her depression and other health problems. [*Id.* at 1-8]. But even taking these facts into consideration, a probationary sentence does not serve the sentencing goals set forth under 18 U.S.C. § 3553(a).

    The government agrees that when Ms. Campbell was approached by law enforcement in June of 2018, she made comments indicating that she wanted to take

1

responsibility for her embezzlement. However, subsequent to making those comments, on September 19, 2018, Ms. Campbell willfully filed false tax returns, committing the offense that is charged in Count Two of the Information. Clearly, Ms. Campbell's remorse over her embezzlement was not sufficient to dissuade her from committing another crime in relatively short order. Given Ms. Campbell's tendency to rationalize her criminal choices, specific deterrence remains an important sentencing goal in this case.

Likewise, Ms. Campbell's desire to financially support her adult children is not a mitigating factor in this case. First, while the defendant cites to what appear to be a few moments in time where her adult children needed transitional assistance [doc. # 22 at 3], the more than $252,000 that she stole from her HOA clients far exceeded what would be reasonably needed to help her children through such moments. Additionally, while parents often want to help their adult children, they are constrained to do so by their financial means. Ms. Campbell's decision to steal from her HOA clients to expand her own financial means demonstrates that she placed her own priorities above the law and above the needs and trust of her clients.

With respect to Ms. Campbell's depression, that appears to be the natural consequence of the shame resulting from the discovery of her crimes. As such, it is unsurprising the adjudication of this case has been cathartic and has improved Ms. Campbell's mental health. [Doc. # 22 at 3]. Receiving a just punishment for her

crimes, rather than the requested slap on the wrist, is the natural continuation of that process.

Ms. Campbell also argues that the hefty restitution[1] that will be ordered in this case is sufficient deterrence.  Not so.  While a restitution order is an important aspect of sentencing, the likelihood that Ms. Campbell will ever pay a substantial portion of this restitution is so low that it will likely have little impact on Ms. Campbell.  It certainly does not provide just punishment or deterrence in this case.

Finally, Ms. Campbell argues that the Bureau of Prisons (BOP) is unable to accommodate her medical conditions, including diastolic heart failure, reoccurring water in her legs, and two cracked vertebrae caused by a recent fall.  [Doc. # 22 at 4]. However, Ms. Campbell has made no credible showing that the BOP is not equipped to accommodate these conditions.  Having sentenced defendants with far more serious ailments in the past, the Court is well aware of the BOP's robust medical facilities and of its ability to accommodate a broad range of medical conditions, including those that are very serious.

In light of the facts of this case, the arguments advanced by Ms. Campbell do not support her request for a probationary sentence.  Instead, the facts set forth in the Government's Sentencing Statement demonstrate that a sentence of 37 months of imprisonment would better serve the sentencing goals under 18 U.S.C. § 3553(a).

---

1 In her motion, Ms. Campbell also makes reference to tax fines [doc. # 22 at 5], but the plea agreement only provides for restitution, and it is unlikely that fines will be imposed in this criminal case.

Ms. Campbell's wire fraud scheme spanned more than three years. It was not a one-time mistake that was immediately regretted. She also used the knowledge gained from her position of trust with her HOA clients to select her targets based on which HOA boards did not monitor their bank account or finances. Even after she knew that her conduct had been discovered by the Division of Real Estate of the Department of Regulatory Agencies in Colorado, Ms. Campbell continued to lie to HOA clients and made an unauthorized transfer in an attempt to cover up her embezzlement. Further, her tax crime was committed after she was confronted by law enforcement about her embezzlement, and it implicated years of relevant and willful conduct that led up to her subscribing to the false tax returns at issue in this case.

Because of the seriousness of the defendant's crimes, the need to promote respect for the law and provide just punishment, and the need for general and specific deterrence, the government requests that the Court impose a sentence that includes 37 months of imprisonment.

    Respectfully submitted,

    COLE FINEGAN
    United States Attorney

By:  s/ *Pegeen D. Rhyne*
    PEGEEN D. RHYNE
    Assistant U.S. Attorney
    United States Attorney's Office
    1801 California St., Suite 1600
    Denver, CO 80202
    (303) 454-0100
    Fax: (303) 454-0409
    Pegeen.Rhyne@usdoj.gov

## CERTIFICATE OF SERVICE

      I hereby certify that on this 21st day of October, 2022, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record in this case.

                                              s/ *Amy McDaniel*
                                              Amy McDaniel
                                              Legal Assistant
                                              U.S. Attorney's Office