IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No. 22-cr-00113-CMA-GPG

UNITED STATES OF AMERICA,

        Plaintiff,

v.

1.    DEBRA CAMPBELL,

        Defendant.

_____

### UNITED STATES' MOTION FOR PRELIMINARY ORDER OF FORFEITURE FOR A PERSONAL MONEY JUDGMENT AGAINST DEFENDANT DEBRA CAMPBELL
_____

        COMES NOW the United States of America, by and through United States Attorney Cole Finegan and Assistant United States Attorney Laura B. Hurd, and moves this Court to enter a Preliminary Order of Forfeiture for a Personal Money Judgment. In support, the United States sets forth the following:

**I.    Statement of Facts**

    1.    On April 4, 2022, an Information was filed charging Defendant Debra Campbell in Count One, with Wire Fraud, in violation of 18 U.S.C. § 1343; and in Count Two, with Subscribing a False Tax Return, in violation of 26 U.S.C. § 7206(1). (ECF Doc. 1).

    2.    The Information also included a forfeiture allegation, providing notice that the United States sought forfeiture, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), of any property constituting and derived from any proceeds obtained directly and indirectly as a result of Count One, including a money judgment in the amount of the proceeds obtained by the scheme and by the Defendant. *Id.* at 4.

1

3. On May 27, 2022, the United States and Defendant Debra Campbell entered into a Plea Agreement. (ECF Doc. 10). The Plea Agreement provides, *inter alia*, that the Defendant agreed to plead guilty to Counts One and Two. The Defendant also agreed to the entry of a preliminary order of forfeiture for a personal money judgment described above. Specifically, the Defendant agreed that $252,069.00 constituted proceeds obtained as result of Count One. *Id*. at 5.

4. Accordingly, the Plea Agreement provides an ample basis for an order of forfeiture pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c).

## II. Argument

5. Pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), the Court shall order criminal forfeiture of all property constituting or derived from proceeds traceable to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c).[1]

6. Pursuant to Rule 32.2(b)(1)(A) of the Federal Rules of Criminal Procedure, the Court must determine what property is subject to forfeiture as soon as practicable after a plea of guilty. When a personal money judgment is sought, "the court must determine the amount of money the defendant will be ordered to pay." Fed. R. Crim. P. 32.2(b)(1)(A).

7. The Court's determination may be based on any plea agreement, any other evidence already in the record, and any other additional evidence submitted by the parties that the Court deems relevant and reliable. Fed. R. Crim. P. 32.2(b)(1)(B).

---

[1] Title 28, United States Code, Section 2461(c) provides for the criminal forfeiture of any property that may be forfeited civilly. Title 18, United States Code, Section 981(a)(1)(C) provides for the forfeiture of any property constituting or derived from proceeds traceable to a "specified unlawful activity" as defined in 18 U.S.C. § 1956(c)(7). In turn, 18 U.S.C. § 1956(c)(7) includes any offense listed in 18 U.S.C. § 1961(1) as a "specified unlawful activity." Title 18, United States Code, Section 1343 is listed in 18 U.S.C. § 1961.

8. Once the property is determined to be subject to forfeiture, the Court "must promptly enter a preliminary order of forfeiture setting forth the amount of any money judgment." Fed. R. Crim. P. 32.2(b)(2)(A). It is mandatory that the Preliminary Order of Forfeiture is entered "sufficiently in advance of sentencing to allow the parties to suggest revisions or modifications before the order becomes final as to the defendant." Fed. R. Crim. P. 32.2(b)(2)(B).

9. As set forth in the Plea Agreement, Defendant Debra Campbell and the United States agree that she owned A Better Alternative Management (ABAM). ABAM was hired by Homeowners Associations (HOAs) to manage their finances for a monthly fee. As a result, the Defendant had access to, and signatory authority over, HOA's bank accounts. In March 2015, the Defendant began making unauthorized transfers to ABAM's bank accounts and used the funds for personal expenses. Between March 2015 and April 2018, Defendant stole $252,069.00 from her client HOAs through a scheme to defraud. *See* (ECF Doc. 10 at p. 8-11).

10. Accordingly, a forfeiture money judgment in the amount of $252,069.00 should be entered against the Defendant pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c).

WHEREFORE, the United States moves this Court to enter the Preliminary Order of Forfeiture for a Personal Money Judgment tendered herewith, for the reasons set forth above.

DATED this 7th day of November 2022.

Respectfully submitted,

COLE FINEGAN
United States Attorney

By:   s/ *Laura B. Hurd*
Laura B. Hurd
Assistant U.S. Attorney
U.S. Attorney's Office
1801 California Street, Suite 1600
Denver, Colorado 80202
Telephone: (303) 454-0100
E-mail: laura.hurd@usdoj.gov
*Attorney for the United States*

## CERTIFICATE OF SERVICE

I hereby certify that on this 7th day of November 2022, I electronically filed the foregoing with the Clerk of Court using the ECF system, which will send notice to all counsel of record.

s/ *Sheri Gidan*
FSA Federal Paralegal
Office of the U.S. Attorney